## No. 5937.

### STATE OF LOUISIANA vs. J. D. NELSON.

It not appearing that proper diligence had been made to get the testimony of the witnesses required, the judge *a quo* exercised his discretion properly in refusing a continuance.

The exception that the first and third counts of the indictment do not set forth the alleged forged document according to its tenor was correctly overruled in view of section 1051 of the Revised Statutes.

Section 1052, Revised Statutes, does away with the exception that the second and fourth counts of the indictment do not charge that the defendant intended to defraud any person or corporate body.

APPEAL from the Superior Criminal Court, parish of Orleans. *Braughn,* J. Criminal case. *John McPhelin,* District Attorney, and *A. P. Field,* Attorney General, for plaintiff and appellee. *Alex. Dalsheimer,* for defendant and appellant.

LUDELING, C. J. The defendant has appealed from a judgment sentencing him to hard labor in the Penitentiary for two years for forgery.

Attachments were asked for against three witnesses for defendant after one continuance had been granted to procure their attendance, and the court refused to continue the case for that purpose. From the affidavit filed it appears that one of the witnesses resides in the State of Mississippi, and it does not appear where the other two live. Proper diligence to get the testimony of the witnesses does not appear to have been used. We think the judge *a quo* exercised his discretion properly in refusing the continuance.

The second bill of exceptions complains that the first and third counts of the indictment do not set forth the alleged forged document according to its tenor, and that the second and fourth counts do not charge that the defendant intended to defraud any person or corporate body.

These objections were properly overruled. Section 1051 of the Revised Statutes provides that "whenever it shall be necessary to make any averments in an indictment as to any instrument, whether the same consists wholly or in part of writing, print, or figures, it shall be sufficient to

describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof," etc. Section 1052 declares it shall be sufficient " to allege that the defendant did the act with intent to defraud, without alleging the intent of the defendant to defraud any particular person."

It is therefore ordered that the judgment of the lower court be affirmed with costs.